## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ABNER FIGUEROA MALDONADO, ZULMARI TORRES SANTOS AND THE LEGAL CONJUGAL PARTNERSHIP COMPOSED BETWEEN THEM,**<br><br>Plaintiffs,<br><br>vs.<br><br>**PFIZER PHARMACEUTICALS, LLC; MANPOWERGROUP, INC.; DEFENDANT(S) ABC INSURANCE COMPANY; DEFENDANT(S) DEF.**<br><br>Defendants. | CIVIL NO.<br><br>RE: DISABILITY DISCRIMINATION; AGE DISCRIMINATION; RETALIATION; UNJUSTIFIED DISMISSAL.<br><br>PLAINTIFFS DEMAND TRIAL BY JURY |

# C O M P L A I N T

**TO THE HONORABLE COURT:**

**COME NOW**, Plaintiffs Abner Figueroa Maldonado ("Figueroa"), his wife Zulmari Torres Santos ("Torres") and the legal conjugal partnership composed between them, in the case at bar, through their undersigned attorneys and respectfully **STATE, ALLEGE and PRAY**:

### I.  NATURE OF THE ACTION AND JURISDICTION

1.     Plaintiffs Figueroa and Torres hereby invoke this Honorable Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought pursuant to the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. §§ 12101 *et seq.,* as a result of defendant's continuous unlawful and willful employment practices (hostile

1

work environment and harassment, disability and age discrimination and retaliation), which eventually led to Figueroa' unlawful retaliatory termination from his employment with Pfizer Pharmaceuticals, LLC ("Pfizer") and Manpower, Inc., ("Manpower") due to, among others, his disability and age, by the named party defendants.

2.     Plaintiffs additionally summon this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 seeking redress for violations of various Puerto Rico laws, including but not limited to, Act No. 100 of June 30, 1959, 29 L.P.R.A. §146 *et seq.*; Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 et seq.; Act No. 80 of May 30, 1976, 29 L.P.R.A. §185a-185l; Act No. 115 of December 20, 1991, 29 L.P.R.A. §194 et seq.; Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20 and Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141.

3.     Plaintiffs invoke this Honorable Court's pendent/supplemental jurisdiction under 28 U.S.C. § 1367 to hear and decide those claims arising under the Commonwealth of Puerto Rico's Constitution and other Puerto Rico laws invoked herein because such claims arose from the same nucleus of operative facts giving rise to Plaintiffs' claims under federal law.

4.     On March 15, 2018, Figueroa timely filed with the Puerto Rico Department of Labor's Anti-Discrimination Unit ("ADU"), an Equal Employment Opportunity Commission ("EEOC") deferral agency, administrative charges against Pfizer, Manpower and Ray Rodriguez, as Figueroa's immediate supervisor at Pfizer.  Figueroa claimed, among other things, that he was unlawfully harassed while employed with defendants and later on retaliated against and terminated from his employment due to his age and disability and

because he grieved for not being promoted and not being afforded a reasonable accommodation due to his disability and/or perceived disability.

5.      With the filing of the administrative charges with the EEOC and ADU, Plaintiffs interrupted or tolled the applicable statute of limitations for all their claims filed herein under both federal and Puerto Rico laws that have been invoked herein.

6.      The previously stated administrative employment discrimination charges were assigned numbers: uadau 18-092c/16H-2018-00182c and uadau 18-093c/16H-2018-00270c.

7.      On October 2, 2018, the ADU, at Plaintiffs' request, proceeded to notify and refer to the attention of Mr. Michael Farrell, Director of the EEOC Miami's Office, Plaintiffs' petitions to obtain Right-To-Sue Notices from said EEOC Office, regarding the previously mentioned administrative charges.

8.      On July 10, 2019, Figueroa, through his undersigned legal counsel, sent a follow up Certified Letter with Return Receipt, to Director Farrell, again requesting the EEOC to issue and notify the before mentioned Right-To-Sue Notices regarding the above mentioned administrative employment discrimination and retaliation charges.  As of the date of the stated letter to Director Farrell, more than one hundred and eighty days (180) had already elapsed since the filing of the administrative charges on March 15, 2018 and no timely action has been taken by the EEOC in notifying or issuing the requested Right-To-Sue Notices.

9.     As of the date of the filing of this Complaint, the Right-To-Sue Notices have not been issued nor much less notified by the EEOC. As such, the EEOC has failed to comply with its statutory duties under the ADA.

10.     Although the general rule is that receipt of a right-to-sue letter is a statutory prerequisite to filing suit under the ADA or Title VII, *Gooding v. Warner-Lambert Co.*, 744 F.2d 354, 358 (3d Cir. 1984), in circumstances where the EEOC has failed to issue such a letter despite the expiration of the 180-day deadline, courts have allowed a plaintiff to proceed so long as a plaintiff can show he/she is entitled to the right-to-sue letter and has requested it.  *See, e.g., Anjelino v. New York Times Co.*, 200 F.3d 73, 96 (3d Cir. 2000); *Gooding*, 744 F.2d at 357-59; *Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1526 (11th Cir. 1983); *Johnson-Medland v. Bethanna*, Civ. A. No. 96-4258, 1996 WL 612467, at p. 6 (E.D. Pa. Oct. 17, 1996); *Dougherty v. Lower Merion*, No. Civ. A. 96-1589, 1996 WL 273675, at p. 2 (E.D. Pa. May 15, 1996). To hold otherwise would be to require the plaintiff to compel the EEOC to issue the letter through a writ of mandamus, a cumbersome process. *See Johnson-Medland*, 1996 WL 612467, at p. 6; *Dougherty*, 1996 WL273675, at *2.

11.     Plaintiffs Figueroa and Torres seek redress for the damages suffered and those damages they continue to suffer as a result of defendants' continuous unlawful employment discrimination on the basis of Plaintiff Figueroa's disability, age, violation of his constitutional rights, unjustified dismissal and for their retaliation against Figueroa because he engaged in various statutorily protected activities, including but not limited to, opposing

the before mentioned unlawful employment practices and requesting accommodation for his physical disability.

12.    Plaintiffs further invoke this Honorable Court's diversity of citizenship jurisdiction under 28 U.S.C. §1332 for this action seeking compensatory damages, equitable and injunctive relief, costs and attorney's fees brought forth under the following Puerto Rico laws: Act No. 100 of June 30, 1959, 29 L.P.R.A. §146 *et seq.*; Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 et seq.; Act No. 80 of May 30, 1976, 29 L.P.R.A. §185a-185l; Act No. 115 of December 20, 1991, 29 L.P.R.A. §194 et seq.; Puerto Rico's Constitution, Article II, Sections 1, 8, 16, 20 and Articles 1054 and 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. §§ 3018, 5141, as a result from Defendants' unlawful and willful employment practices and breach of employment contract.

13.    Plaintiffs' claims exceed the amount of $75,000.00, exclusive of costs, interest and attorney's fees.

14.    Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## II.    THE PARTIES

15.    Plaintiff Figueroa is a male citizen of the United States of America and is a resident of 1533 Clapton Dr., Deland, Florida, U.S.A.  Figueroa is married to his wife Torres.

16.    Plaintiff Torres is a female citizen of the United States of America and is a resident of 1533 Clapton Dr., Florida U.S.A.  Torres is married to her husband Figueroa.

17.    Both Figueroa and Torres are suing on behalf of and in representation of the legal conjugal partnership composed between them.

18.    Defendant Pfizer Pharmaceuticals LLC ("Pfizer") is a corporation organized under the laws of Delaware and has its principal place of business in Vega Baja, Puerto Rico.

19.    Defendant Manpowergroup, Inc. ("Manpower") is a corporation organized under the laws of the State of Wisconsin and has its principal place of business in Milwaukee, Wisconsin.  Manpower is authorized to do business within Puerto Rico at 650 Muñoz Rivera Ave. Suite 102, San Juan, PR 00918.

20.    At all times relevant hereto, Manpower was considered a "covered entity" under the definition of such term as provided by the ADA. 42 USC § 12111(2), as it was the "employment agency" that hired Figueroa and obtained employment for him at Pfizer. Manpower is also considered an employment agency under applicable Puerto Rico law. Act 417 of May 14, 1947, as amended, 29 LPRA § 564 *et seq.*

21.    At all times relevant to this case, Manpower was also Figueroa's employer within the definition of such term as provided by the ADA.  42 USC § 121112(5) (A).

22.    At all times relevant hereto, Pfizer was considered a "covered entity" under the definition of such term as provided by the ADA. 42 USC § 12111(2), as it was Figueroa's employer under the definition of such term as provided by the ADA.  42 USC § 121112(5) (A).

23.    At all relevant times hereto, Pfizer and Manpower were Figueroa's joint employers.   Pfizer supervised Figueroa's daily activities, and had the authority to hire, fire and discipline Figueroa.  Pfizer further exercised its authority to promulgate workplace regulations that were applicable to Figueroa.  Pfizer furthered established Figueroa's terms

and conditions of employment and was the ultimate authority over Figueroa's compensation, employee benefits and overtime compensation.

24.    At all times relevant hereto, Figueroa was a "qualified individual" with a disability as he, with or without reasonable accommodation, could perform the essential functions for the position he was hired for at Pfizer by Manpower.

25.    At all times relevant hereto, Pfizer had the power to hire and fire Figueroa, Pfizer further supervised and controlled Figueroa's work schedule and other conditions of his employment, determined his hourly rate of pay and the method of his work compensation.  Pfizer was further the custodian of Figueroa's personnel records.

26.    At all times relevant hereto, Figueroa was considered a qualified individual with a disability that could perform the essential functions of his employment position, with or without reasonable accommodation with Pfizer and Manpower.

27.    At all relevant times hereto, Figueroa was considered a qualified individual with a physical disability as he was diagnosed since 2014 with Gastroesophageal reflux disease (GERD) or Acid Reflux disease.  Gastroesophageal reflux is the return of the stomach's contents back up into the esophagus.

28.    At all times relevant hereto, Figueroa was an individual with a disability because his physical impairment of GERD substantially limited one or more of his major life activities, he had a record of such impairment and was regarded by his employers as having such impairment.

29.    Figueroa's major daily activities affected by GERD are sleeping, eating, working and dieting.

7

30.     Figueroa's major daily activity of sleeping is affected by GERD as nighttime reflux compromises sleep for people who sleep in a typical horizontal position. This, in turn, affects alertness and productivity the following work day.

31.     Figueroa's major daily activity of eating are also affected by GERD as strict dietary restrictions, including regimented timing of meals is paramount in controlling acid reflux.

32.      Defendants Pfizer and Manpower and their agents were fully aware and cognizant of Figueroa's gastrointestinal disabilities and further perceived Figueroa to have a record of such disabilities while he was their employee. Such agents further denied Figueroa's requests for reasonable accommodation for his GERD disabling condition.

33.     Figueroa's disability affect his major life activities, such as working, sleeping and dieting.

34.     At all times relevant hereto, Plaintiff Figueroa was a "qualified individual with a disability" within the meaning of such term as provided by the ADA and Puerto Rico law. Figueroa could perform his former essential job functions with Defendants with and without reasonable accommodation.

35.     At all relevant times to this Complaint, Figueroa was an "employee" within the definition of such term as provided by ADA, and the laws of the Commonwealth of Puerto Rico which have been invoked herein.

36.     Manpower is a corporate employment agency which procures employees for other employers and/or procures for employees opportunities to work for employers. Manpower is Pfizer's agent for ADA, and other Puerto Rico law purposes.

8

37.    Both Pfizer and Manpower, are each "employers" within the meaning of such term as provided by the ADA.  42 USC § 12111 (5)(A) and all the Puerto Rico statutes which have been invoked herein.

38.    Both Pfizer and Manpower, are each engaged in an industry affecting commerce within the meaning of the ADA.  42 USC § 12111 (5)(A).

39.    At all relevant times to the facts alleged in this Complaint, Pfizer and Manpower employed Plaintiff Figueroa.

40.    At all relevant times to the facts alleged in this Complaint, Ray Rodríguez was one of Figueroa's supervisors, and Rodriguez was an "agent" of Pfizer and/or Manpower.

41.    At all relevant times hereto, Rodríguez has been Figueroa's immediate supervisor, and as such was an "agent" of Pfizer and/or Manpower.

42.    Rodriguez further submitted Figueroa to multiple acts of disability harassment and discrimination, as well as retaliation because Figueroa requested reasonable accommodations based on his physical gastrointestinal disability.

43.    Defendants ABC Insurance Companies are the insurers of all the defendants herein.  Defendants ABC Insurance Companies have insurance policies which at all times relevant hereto, were in full effect and cover the liabilities and/or unlawful acts which were committed by the defendants herein mentioned.  Plaintiffs are using the fictitious names of ABC because at this time they do not know the real names of such insurance companies.  Once these names become known, Plaintiffs will move this Honorable Court for the substitution of such party defendants.

44.    All Defendants have jointly participated in acts of unlawful employment discrimination against Figueroa on account of his disability and age, as well as retaliation because he engaged in statutorily protected activity be requesting reasonable accommodation due to his physical disability.

45.    Plaintiffs are using the fictitious names of ABC because at this time they do not know the real names of such insurance companies.  Defendants DEF are the fictitious names of other individuals or employers that jointly participated along with Defendants Pfizer and Manpower in other unlawful acts against Plaintiff Figueroa. Plaintiffs are using the fictitious names of DEF because at this time they do not know the real names of these defendants. Once these names are known, Plaintiffs will move this Honorable Court for the substitution of said party defendants.

46.    All named party defendants that comprise Pfizer and Manpower and their agents have received actual knowledge of Figueroa's administrative charges claiming, among others, harassment, employment discrimination and retaliation filed before the ADU and the EEOC.

47.    All named party defendants herein are jointly and severally liable to Plaintiffs for the unlawful employment practices and damages claimed herein.

### III.    FACTUAL NARRATIVE COMMON TO ALL CLAIMS

48.    During the month of May 2009, Figueroa was contacted by Manpower to inform him that there was a job opening at Pfizer's plant located in Vega Baja, Puerto Rico.

49.    The job opening or opportunity that was available at Pfizer was for Packing Operator and earning $6.50 per hour.

10

50.    Figueroa was interviewed for the position of Packing Operator at Pfizer by its supervisor Luis Santos.

51.    Throughout his employment tenure, Figueroa complied and met with all of the administrative job requirements established by Pfizer. Figueroa's work performance met all of Pfizer's and Manpower's job requirements.

52.    At first, Figueroa was assigned to the first work shift for on the job training as a Packing Operator.  Once Figueroa's job training finished, he was assigned to the second shift and reporting directly to his then immediate supervisor, Mr. Bayón.

53.    During the first years of employment with Defendants Pfizer and Manpower, Figueroa was required to sign temporary employment contracts every three (3) months. During his last four (4) years of employment he was required to sign monthly employment contracts.  If no such employment contract was signed, Figueroa would not be allowed access to Pfizer's facilities.

54.    While working during the second shift, Figueroa's Supervisor, Mr. Bayón, asked him why he had not requested to be hired for as operator mechanic at Pfizer as Figueroa had the skills necessary to work in such position or job classification.

55.    After becoming aware that Figueroa could perform the functions of Operator Mechanic at Pfizer, Bayón offered Figueroa a promotion to the position of Mechanic's Operator and that a pay raise was due on account of such promotion.

56.    During that same week that Figueroa was promoted, he was assigned to work on the third shift and under the supervision of Luis Santos.  However, despite the fact that Santos knew that Figueroa had been promoted to Operator Mechanic, Santos advised

11

Figueroa that there was no room for a mechanic, but that there was room for a Service Person.

57.    However, Luis Pabon Quintero, Pfizer's Shift Coordinator, informed Figueroa that there was a need for a mechanic and that he would inform Pfizer's Plant Manager of this situation.  Thus, Pabon contradicted Santos' opinion that there was not a need for a mechanic.

58.    Figueroa worked as a Service Person for about one month until Pabon advised him that he would commence on the job training as an Operator Mechanic.

59.    From August until mid-2010, Figueroa worked as an Operator Mechanic at an hourly rate of $6.50, despite the fact the approved hourly rate for that position was at the hourly rate $10.50, plus a thirty five (35) cent differential.

60.    During mid-2010, Mr. Ramon Roman, Pfizer's Packing Director, informed Figueroa that he knew that Figueroa had been promoted and that he was not being adequately compensated at the agreed to hourly rate of pay with its corresponding differential.  Roman further promised that he would obtain for Figueroa his adequate pay, retroactively. Roman promised this retroactive pay after recognizing that Pfizer had committed a mistake in not compensating Figueroa adequately.

61.    At this time, Pfizer advised Figueroa that he would be hired as a regular employee.

62.    At the end of 2010, Pfizer corrected Figueroa's salary however, Pfizer only made a retroactive pay correction for only four months.

63.     During the year 2012, Figueroa was promised that his work shift was going to be changed back to the first shift, as originally agreed to.

64.     During the year 2013, Figueroa was asked to train several employees and was even considered for the position of Group Leader.  However, that job opportunity was denied to Figueroa because he was purportedly a temporary employee, when in fact and law, he was a regular Pfizer employee.

65.     During the year 2014, after waiting for Pfizer and Manpower to "officially" recognize Figueroa as a regular employee and to assign him back to working during the first work shift, Figueroa grieved to Angel Diaz, Pfizer's Engineering Manager, about his employment status and about Pfizer not complying with its work related promises towards Figueroa.

66.     However, during 2014 Figueroa's salary was increased from $10.50 to $13.00 per hour, plus a Thirty Five (35¢) cent differential and he continued to be an Operator Mechanic, and the term "Senior" was added to his job classification. However, he continued grieving that he wanted to be officially named as a regular employee and he still continued working on the grave yard shift.

67.     Since 2014, Figueroa was diagnosed with GERD.  Figueroa informed both his Manpower and Pfizer supervisors and agents that he was suffering from this gastrointestinal disability.

68.     During 2015, two **regular** employee vacancies arose within the job classification of Operator Mechanic Senior within the third work shift.  Figueroa interviewed for such job vacancies and despite his immediate supervisor's exceptional

13

recommendations, Figueroa was not named to such regular employee vacancies. Such vacancies were filled by other younger employees who had less seniority than Figueroa and did not have gastrointestinal disabilities. Such employees were Felix Cajigas and Isai Figueroa, who had less than two years seniority and both were younger than Figueroa.

69.    Due to Cajigas' and Isai Figueroa's appointments, Plaintiff Figueroa once again grieved to Mr. Chardon that he was not selected. Chardon then promised Figueroa that the next opening for the stated regular job classification, Figueroa was to be appointed. However, this never happened.

70.    After Chardon resigned, Carlos Rivera was appointed to his position. However, he also resigned and Ray Rodriguez Morales, Group Leader, became the third shift supervisor. As such, Rodriguez became Figueroa's immediate supervisor.

71.    Due to his GERD disability, Figueroa requested from his Manpower and Pfizer supervisors reasonable accommodations. Figueroa's accommodation request was that he be allowed to ingest food during a break prior to the commencement of his fifth consecutive hour of work. In addition, Figueroa requested on numerous occasions a short break in order to ingest a snack so as to help reduce his stomach/digestive juices. However, such reasonable accommodations requests were unlawfully denied and further ridiculed by Ray Rodriguez.

72.    As such, both Manpower and Pfizer were made aware and were cognizant of Figueroa's GERD condition, which is a disability covered by the ADA and Puerto Rico's laws.

14

73.    Rodriguez responded to Figueroa that if he granted Figueroa's reasonable accommodation requests, he would then be forced to allow all employees to be able to snack at their whim during their work periods.

74.    Rodriguez' conduct of repeatedly denying Figueroa's requests for reasonable accommodation based on his digestive tract disability became part of Pfizer's hostile working environment against Figueroa due to his physical disability.

75.    Figueroa grieved to Rodriguez and advised him that his conduct of hostile working environment against Figueroa was totally unwelcomed.

76.    Figueroa engaged in statutorily protected activity by grieving to Pfizer and Manpower about their denials in affording him his reasonable accommodation requests for his GERD condition.  Figueroa further participated in statutorily protected activity by voicing his opposition to the hostile working environment to which he was a victim of based on his disability and repeated denials to his requests for reasonable accommodation.

77.    During the latter of 2015, Rodriguez unlawfully and in retaliation for having Figueroa requested reasonable accommodations, gave him a disciplinary warning.  As a result of such unwarranted disciplinary warning, Figueroa complained to Pfizer's Human Resources Department, Diana Rentas, who in turn, shifted the blame to Rodriguez.  Such personnel grievance was not duly investigated or remedied by Defendants herein.

78.     After Figueroa grieved to Pfizer's Human Resources Department, Rodriguez commenced on a retaliatory campaign against him and attempted to discredit Figueroa with other co-workers and supervisors thereby unlawfully affecting his workplace atmosphere.

79.    Such continuous retaliatory campaign by Rodriguez against Figueroa negatively affected his working environment throughout the year 2016. Figueroa's Group Leader, Mr. Hernan Casanova, admitted to Figueroa that Rodriguez had it against him, due to his requests for reasonable accommodation and Figueroa's disability.

80.    During December 2016, Figueroa applied to regular positions at Pfizer.  He applied to the positions of Operator Mechanic and Packing Operator.  Figueroa was interviewed for such positions by several supervisors, including Ray Rodriguez.  Figueroa was not selected yet again to such job positions.  Other less senior and younger employees, who Figueroa had trained previously, were selected.  The selected employees, Dennis Cruzado, Jr., and Giovanny Velez, were also relatives of other employees at Pfizer and had no known disabilities.   Cruzado and Giovanny Velez were appointed to the positions that Figueroa applied to during the month of February 2017.  As a matter of fact, Figueroa had previously trained Giovanny Velez for the position that he occupied at the time he was appointed.

81.    Due to the fact that Figueroa was not selected to the previous positions that he had applied for, in March 2017 Figueroa went to grieve with Pfizer's Human Resources Director about this situation, and that he was discriminated against due to his age and his disability as well as retaliated against because he had previously requested reasonable accommodations.  Figueroa further grieved about Rodriguez' disparate treatment and his failures to provide Figueroa with reasonable accommodations based on his GERD conditions.

82.     Figueroa complained to Pfizer's Human Resources Department about Rodriguez' unlawful hostile working environment based on Figueroa's disability and further pattern of retaliation due to his numerous requests for reasonable accommodations. Figueroa also grieved about the fact that friends and relatives of other employees, who were younger and less senior than him, were selected to the positions Figueroa applied for, but he was not appointed.  As such, Figueroa further engaged in statutorily protected activity by grieving/opposing nepotism to Pfizer's Human Resources Manager and by protesting that those employees that were selected did not meet the job requirements.

83.     Once Figueroa so complained to Human Resources, he was purportedly assured that Human Resources would halt the selection process in order to investigate Figueroa's grievances.

84.     Figueroa further expressed to Human Resources his concern and fear that he could face an adverse employment action due to his exercise of the previously mentioned statutorily protected activities.   Pfizer's Human Resources Director assured Figueroa that nothing negative would happen to him and that his grievances would be investigated and that such unlawful employment practices would cease and would be remedied.  However, the discrimination and retaliation against Figueroa continued.

85.     A few days later, as part of the alleged personnel investigation, Figueroa's immediate supervisor, Ray Rodriguez, met to interview Figueroa as to his recent personnel grievances and pre-textually attempted to justify the reasons why Figueroa was bypassed by younger, less senior and unqualified employees during the selection process.   The real reasons why Figueroa was bypassed and not selected were disability discrimination and

17

retaliation because Figueroa requested reasonable accommodations and had further grieved about other conditions of his employment.

86.     As part of Rodriguez' continued retaliation and hostile working environment towards Figueroa, Rodriguez incremented his surveillance as to when Figueroa visited the bathroom, which he visited regularly, due to his GERD condition which Rodriguez was well aware of, constantly questioned Figueroa's entries and exists to his work area, work break times and his time punches.  Rodriguez further ridiculed and made derogatory comments to Figueroa about his work skills and his experience as a mechanic while helping other employees perform their duties.

87.     On August 25, 2017, Figueroa was terminated in his employment at Defendants due to his age, disability and in retaliation because he had requested reasonable accommodations for his GERD condition, having complained about disability and age discrimination, was not promoted despite his requests for promotion to another job classification due to his disability, age, and in retaliation based on his requests for reasonable accommodations.

88.     Defendants' proffered reasons for Figueroa's termination of employment, based on a purported reorganization, are pre-textual because only one job classification was affected and Defendants did not follow seniority in terminating Figueroa's employment when other similarly situated less senior and younger employees (who are not disabled) occupying Figueroa's same job classification remained working.

89.     Figueroa was replaced by a younger, less qualified, less senior employee who was not disabled by the name of Dennis Cruzado, Jr.

90.    Figueroa's termination from employment was also unjustified, and/or a breach of his employment contract with defendants under Puerto Rico's Civil Code,  and/or in violation of Puerto Rico Act No. 80 of May 30, 1976, 29 L.P.R.A. §185a, et seq. As such, under Act No, 80, Pfizer and Manpower owes Figueroa an amount totaling no less than $15,481.00, plus attorney's fees and costs.

91.    Plaintiff Torres has suffered moral, emotional and economical damages due Pfizer and Manpower's illegal, discriminatory, unjustified and retaliatory employment practices against her husband, Figueroa.

## IV. LEGAL CLAIMS

### FIRST CAUSE OF ACTION
### (Age Puerto Rico Act 100 Discrimination)

92.    Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

93.    Defendants Pfizer and Manpower have willfully violated Act 100's provisions by having terminated Figueroa from his employment on account of his age and having bypassed him for other employment positions he applied for but was not selected as younger, less senior and less qualified employees were appointed to those positions Figueroa applied and interviewed for.  Defendants further retaliated against Figueroa and terminated him from his employment after he grieved, complained and engaged in statutory age protected activities. As such, defendants are liable in compensatory damages against Plaintiff Figueroa for their unlawful conduct.

19

94.     Plaintiffs hereby demand and request that Figueroa be reinstated to his former employment with Pfizer and Manpower and that they be awarded back-pay for all lost salaries and employee benefits he would have earned but for his unlawful termination of his employment due to his age, from the date of his termination up until the date Figueroa is reinstated to his former employment.

## SECOND CAUSE OF ACTION
### (ADA: Disability Discrimination, Retaliation, Failure to Provide Reasonable Accommodation)

80.      Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them by reference hereto.

81.     Defendants Pfizer and Manpower have willfully violated ADA's provisions by engaging in discriminatory employment practices against Figueroa on account of his disabilities by terminating him on account of said disabilities, and in retaliation for having engaged in statutorily protected conduct after having repeatedly requested, but denied his requests for reasonable accommodations.  As such, Defendants are liable in compensatory damages against Plaintiff Figueroa for its unlawful conduct.

82.  Plaintiff requests back pay and reinstatement or front pay in lieu of reinstatement.

## THIRD CAUSE OF ACTION
### (Violation to Article II of Puerto Rico's Constitution)

87.     Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

88.     Defendants Pfizer and Manpower have violated Plaintiff Figueroa's rights secured under Article II, Sections 1, 8, 16 of Puerto Rico's Constitution by violating his

dignity, privacy, health at the work place and discriminating against him on the basis of his age and disability.

89.    Plaintiffs are entitled to compensatory damages.  Plaintiffs have suffered considerable economic and personal damages as a result of Defendants' conduct.  Plaintiff Figueroa is entitled to back-pay and reinstatement to his former employment.

### FOURTH CAUSE OF ACTION
### (Violation to Puerto Rico Act Nos. 80, 115, 44 and Civil Code, Art. 1054)

90.    Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporates them herein by reference hereto.

91.    Defendants Pfizer and Manpower have violated Plaintiff Figueroa's rights secured under Puerto Rico Acts Nos. 100, 80, 115, and 44; Puerto Rico Civil Code's Article 1054.  Defendants Pfizer and Manpower have discriminated against Plaintiff Figueroa on account of his age and disability because he was terminated while other less senior employees, in Figueroa's same job classification, who were less qualified and younger than him in age and not disabled, were not terminated from their employment.

92.    Defendants Pfizer and Manpower have also unjustly terminated Figueroa's employment as he was dismissed in violation of Act 80's seniority provisions. As such, Figueroa is entitled to an Act 80 compensation.

93.    Furthermore Defendants Pfizer and Manpower retaliated against Figueroa and terminated him   from employment soon after he grieved to such defendants' human resources agents about illegal and discriminatory conduct.

94     Plaintiffs are entitled to compensatory and economic damages.  Plaintiffs

have suffered considerable economic and personal damages as a result of Defendants Pfizer and Manpower's conduct.  Plaintiffs are entitled to back pay for all lost salaries on account of Figueroa's unlawful termination of employment.  Plaintiff Figueroa hereby also demands reinstatement to his former employment.

**FIFTH CAUSE OF ACTION**
**(Violation to Puerto Rico's Civil Code, Art. 1802)**

95.    Plaintiffs re-allege each and every preceding allegation as if fully set forth herein and incorporate them herein by reference hereto.

96.    Defendants Pfizer and Manpower have violated Plaintiff Torres's rights under Puerto Rico's Civil Code, Article 1802, 31 L.P.R.A. § 5141.

97.    Plaintiff Torres is entitled to compensatory and economic damages as she has suffered by Pfizer and Manpower's discriminatory employment practices against her husband, Plaintiff Figueroa.

**WHEREFORE**, all premises being considered, Plaintiffs pray that this Honorable Court enter Judgment against Defendants Pfizer and Manpower and grant Plaintiffs the following relief:

(a)    An award of compensatory damages, including but not limited to back pay and prejudgment interests, of not less than ONE MILLION DOLLARS ($1,000,000.00);

(b)    An award of double compensatory damages under Puerto Rico Acts No. 100; 115 and 44.

(c)    An Act 80 Severance Payment totaling $15,481.00;

(d)    An award of costs and reasonable attorney's fees;

(e)      Injunctive relief ordering Defendants Pfizer and Manpower to reinstate Figueroa to his former employment;

(f)      An award of punitive damages under the applicable federal statutes invoked herein;

(g)      Any other and further relief, which this Honorable Court may deem just, and proper; and

(j)      A trial by jury.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of August 2019.

**WE HEREBY CERTIFY** that on this same date, August 26, 2019, we electronically filed the foregoing certificate of service with the Clerk of this Honorable Court using the CM/ECF system which will send notification to all counsel in this case.

**/s/ MANUEL E. LOPEZ FERNANDEZ**
**USDC PR NO. 205507**
**Attorney for Plaintiffs**
B-12 Paseo del Prado
San Juan, PR 00926
Tel.: (787) 562-2040
email: lcdomanuel.lopez@gmail.com;
manrique.lopez@hotmail.com

**/s/ JOSE G. FAGOT DIAZ**
**USDC PR NO. 20412**
**Attorney for Plaintiffs**
166 Presidente Ramirez St., Apt. No. 2
Urb. Baldrich
Hato Ray, PR 00918
(787) 367-8702
Email:jgf@fagot-law.com